IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MARK MACK | * | |
|     PLAINTIFF | * | |
| | * | |
| | * | |
| v. | * | CIVIL ACTION |
| | * | FILE No. |
| | * | |
| WATSON TRUCKING, INC. | * | |
|     DEFENDANT | * | |

**COMPLAINT FOR DAMAGES**

COMES NOW, **MARK MACK**, Plaintiff in the above-styled civil action, and files this, his Complaint for Damages against **Watson Trucking, Inc**., Defendant named herein. Plaintiff shows this Honorable Court the following:

**INTRODUCTION**

1.

This is a civil rights action for money damages and equitable and declaratory relief brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff has initiated this action to redress violations by Watson Trucking, Inc. (Defendant) of the above referenced statutes. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## **VENUE AND JURISDICTION**

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(4) and 28 U.S.C. §§ 2201 and 2202 because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.

This Court may assert personal jurisdiction over Defendant because its contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.

Venue is proper in the United States District Court for the Middle District of Georgia, Athens Division, pursuant to 18 U.S.C. § 1391 (b), because this is where "a substantial part of the events or omissions giving rise to this case occurred."

5.

Pursuant to 28 U.S.C. §1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Middle District of Georgia.

## PARTIES

6.

Plaintiff Mark Mack is an adult and legal resident and citizen of the United States and of the State of Georgia, residing at 160-B Sycamore Lane, Athens, GA 30605

7.

Defendant is a domestic corporation operating as a dump truck and grading company.  Defendant's principal place of business is located at 150 Maxey Blvd., Athens, GA, 30607.  Defendant may be served by delivering process to its registered agent Jody Watson at 150 Maxey Blvd., Athens, GA, 30607.

## ADMINISTRATIVE PROCEEDINGS

8.

Plaintiff is proceeding in part under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on October 8, 2019. This was within 180 days of the occurrence of the acts of which he now complains.

9.

On or about June 9, 2021, the EEOC issued Plaintiff a *Notice of Dismissal and of Your Right to Sue Letter*.  This civil action is being filed within 90 days of Plaintiff's receipt of this Letter.

## FACTUAL BASIS

10.

Plaintiff is an African American who was hired by Defendant on February 1, 2019.  Plaintiff was a hardworking, well qualified employee who performed his job in a professional manner.  Plaintiff worked as a truck driver for Defendant until October 7, 2019, approximately 9 months.  On September 23, 2019, Plaintiff was attacked by a co-worker named Mr. John Morton.  Mr. Morton repeatedly punched Plaintiff in the face while calling him a "Ni###r".  Plaintiff did not instigate or provoke the attack, but Plaintiff did defend himself from Mr. Morton's unprovoked attack.  A fellow co-worker named "Corey" broke up the altercation.  Plaintiff found the racial slurs and conduct to be offensive and racially derogatory.  The physical attack and the use of the racial slur was immediately brought to the attention of Ms. Lynette Watson (wife of the owner).  Plaintiff also informed the owner of Watson Trucking, Inc., Jody Watson, that he had been attacked by Mr. Morton and that Mr. Morton had repeatedly called Plaintiff the N-word.

11.

Plaintiff sought intervention and help from Mr. Jody Watson. Mr. Jody Watson brought both men into his office on September 24, 2019. Mr. Jody Watson told both men that they were wrong and sent them both out of his office back to work. Plaintiff stressed that he had been attacked without provocation and he also showed Mr. Jody Watson his injuries. Plaintiff became extremely uncomfortable going back to work. From this point on, Mr. Morton would show up at Plaintiff's various work sites and watch him in a menacing way, which made Plaintiff feel extremely uncomfortable and unsafe. Plaintiff made Mr. Jody Watson aware of the fact that Mr. Morton was making him feel uncomfortable by following him. Plaintiff informed Mr. Jody Watson that he was upset because no appropriate actions were being taken to address Mr. Morton's conduct.

12.

Plaintiff visited St. Mary's Hospital on September 25, 2019, due to the injuries he sustained in the attack. Please see attached photograph (Plaintiff's Exhibit #1) and medical records and bills from St. Mary's Hospital (Plaintiff's Exhibit #2 and #3).

11.

Plaintiff maintains that on October 3, 2019, he was informed by Mr. Neal Cox (supervisor), that he would need to work on Saturday, October 5, 2019. Plaintiff maintains that he had already informed Mr. Cox that Plaintiff would not be able to

attend work on Saturday, October 5, 2019, because he was responsible for taking his mother to dialysis on that day. Plaintiff did not attend work on Saturday, October 5, 2019.

13.

Defendant terminated Plaintiff on October 7, 2019, which was just fourteen (14) days after Mr. Morton's attack upon him.

14.

Furthermore, during Plaintiff's time of employment with Defendant, unlike white drivers, Plaintiff was forced to operate a truck that was in a state of disrepair and had no air conditioning during summer months. Plaintiff made multiple requests to have his truck repaired but Defendant refused to do so. Plaintiff had to resort to purchasing his own fan and placing it in the truck in an attempt to have some ventilation. Defendant would repair the trucks of Plaintiff's white counterparts but would not repair Plaintiff's truck, despite multiple requests from Plaintiff.

## COUNT I

<u>Violations of Title VII of the Civil Rights Act of 1964</u>
<u>Race Discrimination, Retaliation, Hostile Work Environment, Disparate Treatment</u>

15.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

16.

Defendant asserts Plaintiff was actually fired for missing work on Saturday, October 5, 2019, which Defendant refers to as a so-called 'mandatory workday' (See Plaintiff's Exhibit #3).  When Plaintiff returned to work on Monday, October 7, 2019, Mr. Cox presented Plaintiff with a Watson Trucking, Inc.-Employee Warning Notice, which laid out the Defendant's written policy pertaining to violations of work rules or company policies.  The Defendant's written policy indicates that Plaintiff would be under a 30-day probation period for missing the 'mandatory workday.'  The policy also states that, during the 30-day period, if Plaintiff violated this work rule or any other work rule or company policy, his employment with Watson Trucking, Inc. could be terminated.  (See Plaintiff's Exhibit #4)

17.

However, as a result of missing the 'mandatory workday', Plaintiff was not placed under a 30-day probation status.  Plaintiff was instead abruptly and immediately terminated (See Plaintiff's Exhibit #5).  Defendant has no evidence whatsoever that Plaintiff had ever missed one of the 'mandatory workdays' in the

past.  Defendant has no evidence that absences had ever been a problem for Plaintiff in the past.  Defendant has no evidence whatsoever Plaintiff violated this work rule or any other work rule or company policy, which would have warranted Plaintiff's immediate termination from the job.

18.

Defendant cannot provide a properly supported reason other than race discrimination which explains why Defendant violated its own written policy and terminated Plaintiff for missing a single workday.  Defendant can provide no evidence of a legitimate, non-discriminatory, and non-pretextual explanation as to why Plaintiff was not afforded a 30-day probation period but was instead abruptly fired.

19.

Plaintiff believes and avers that he was retaliated against and terminated from his employment with Defendant because of his race and because he complained to his superiors about race discrimination.

20.

Plaintiff believes and avers that he was forced to operate a truck that was in a state of disrepair due to Defendant's racially discriminatory behavior and practices, which constitutes disparate treatment.

21.

Plaintiff believes and avers that Defendant failed to take appropriate action against Mr. Morton, which emboldened Mr. Morton and subjected Plaintiff to further racial harassment.

22.

Plaintiff believes and avers that Defendant's failure to prevent Mr. Morton's racial attack coupled with Defendant's failure to properly address Mr. Morton's conduct and his subsequent behavior further created and contributed to a racially hostile work environment, which forced Plaintiff to endure severe, harsh and pervasive racial harassment as a term and condition of his employment with Defendant.

23.

Defendant's aforesaid actions by and through its owner(s), employees, representatives and management personnel, constitute unlawful race discrimination, retaliation, hostile work environment, racial harassment and disparate treatment, all of which violate Title VII.

24.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been damaged and is entitled to the relief set forth in his prayer for relief.

COUNT II

Violations of the Civil Rights Act of 1866, 42 U.S.C. Section 1981
Race Discrimination, Retaliation, Hostile Work Environment, Disparate Treatment

25.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

26.

Mr. Morton's use of a racial slur while punching Plaintiff in the face, and Defendant's deliberate failure to appropriately address the conduct, constitute the very definition of a threatening, harassing and racially hostile work environment. This attack physically injured Plaintiff, leaving him with bruises and contusions. Plaintiff worked for Defendant for fourteen (14) additional days after Mr. Morton's attack upon him.  During this time, Mr. Morton would follow Plaintiff and show up at his worksites and stare at him in a menacing way, which understandably made Plaintiff very uncomfortable and concerned for his safety.  Plaintiff made Defendant aware of Mr. Morton's menacing conduct and the fact that it made him uncomfortable.  Again, Defendant took no action.

27.

Mr. Morton was treated more favorably than Plaintiff.  Mr. Morton violated Georgia law by committing a simple assault upon Plaintiff, while at work. Defendant was made aware that Mr. Morton had punched and beaten Plaintiff

while calling him the N-word. Defendant merely 'reprimanded' Mr. Morton and allowed him to keep his job and Plaintiff was ultimately fired.

28.

Defendant knowingly allowed Mr. Morton to commit racial harassment against Plaintiff. Plaintiff informed Defendant that Mr. Morton's attack upon him coupled with Defendant's inaction constituted a racially hostile work environment that made him uncomfortable.

29.

Plaintiff believes and therefore avers that he was subjected to a racially hostile work environment. Mr. Morton's racially motivated attack upon him and Defendant's deliberate failure to appropriately address the conduct certainly rises to the level of a threatening and hostile work environment.

30.

Plaintiff believes and therefore avers that firing Plaintiff for missing a 'mandatory workday' was merely a pretext for race discrimination and retaliation against him because he complained about discriminatory practices by the Defendant and its employees, representatives, and management personnel.

31.

Plaintiff believes and therefore avers it was the responsibility of Defendant to maintain a workplace that was free of physical attacks, racial attacks, racial intimidation, disparate treatment, retaliation and racial harassment.

32.

Plaintiff believes and avers that he was forced to operate a truck that was in a state of disrepair due to Defendant's racially discriminatory behavior and practices, which constitutes disparate treatment.

33.

Defendant's aforesaid actions by and through its owner(s), employees, representatives and management personnel, constitute unlawful race discrimination, retaliation, hostile work environment, racial harassment and disparate treatment, all of which violate Section 1981.

34.

As a direct and proximate result of Defendant's violation of 42 U.S.C. §1981, Plaintiff has been damaged and is entitled to the relief set forth in his prayer for relief.

**WHEREFORE**, the Plaintiff prays for the following:

(A) That Plaintiff obtain a judgment for damages against the Defendants in a sufficient amount to compensate Plaintiff for back pay, front pay, salary, pay increases, bonuses, insurance benefits, promotions and interest due and payable;

(B) That Plaintiff obtain a judgment for damages against the Defendants in a sufficient amount to compensate Plaintiff for emotional pain and suffering he has endured as a result of Defendant's discriminatory, retaliatory, and tortious acts.

(C) That Plaintiff be awarded punitive damages, as permitted by law, in an amount sufficient to punish Defendant for its willful, deliberate and outrageous conduct and to deter Defendant from discriminating against any other employees in the future;

(D) That Plaintiff be awarded his costs incurred in bringing this action, including his attorney's fees and expenses of litigation;

(E) That Plaintiff be granted declaratory relief;

(F) That Plaintiff be granted injunctive relief, which orders Defendant to promulgate and adhere to policies which prevent Defendant from engaging in such discriminatory conduct in the future;

(G) That Plaintiff be awarded prejudgment interest;

(H) That this matter be heard by a jury of his peers;

(I) That Plaintiff be awarded such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted this 3rd day of September, 2021.

                                                                                      PALMORE, BOENIG & ASSOCIATES

                                                                                      /s/ Malcolm Palmore
                                                                                      MALCOLM A. PALMORE
                                                                                      Ga Bar No.: 560203
                                                                                      *Attorney for Plaintiff Mark Mack*

**Palmore, Boenig & Associates, PC**
575 Research Drive, Suite C
Athens, GA 30605
706-549-6880 (p)
706-549-6879 (f)